IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE INTERNATIONAL ASSOCIATION OF MACHINIST AND AEROSPACE WORKERS DISTRICT 141, | ) ) ) ) |
| Plaintiffs, | ) Case No. ) |
| v. | ) Judge ) |
| | ) Magistrate Judge |
| UNITED AIRLINES, INC., | ) ) |
| Defendants. | ) |

**COMPLAINT AT LAW**

Plaintiffs, THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS DISTRICT 141, by its attorneys, the law firm of Gregorio ♦ Marco, complain of the Defendant, UNITED AIRLINES, INC. and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the action pursuant to Sections §152 - §158 of the Railway Labor Act (RLA) of 1926, 45 U.S.C. § 151, *et seq*, and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

2. The International Association of Machinists and Aerospace Workers District 141, hereafter ("District 141") is a labor organization representative of employees working for a carrier within the meaning of Sections 151 and 152 of the Railway Labor Act ("RLA") 45 U.S.C. § 151, *et seq*. Its principal offices are located at 1771 Commerce Drive, Suite 103, Elk Grove Village, Cook County, Illinois, 60007, within the geographic jurisdiction of the Court.

1

3. United Airlines, Inc., hereafter ("United") is a corporation an employer and carrier in an industry affecting transportation within the meaning of Sections 151 and 152 of the RLA, 45 U.S.C. § 151, *et seq*. United's headquarters is located at 233 S. Wacker Dr., Chicago, Cook County, Illinois, 60606 within geographic jurisdiction of this Court.

## FACTS COMMON TO ALL COUNTS

4. District 141 represents members working for United in its Passenger Services, Fleet Services, Storekeeper, and Maintenance Instructor departments throughout the United States.

5. District 141 and United are signatory parties to Collective Bargaining Agreements, collectively ("CBAs") between United Airlines and the International Association of Machinist and Aerospace Workers, 2016-2021, which governs the terms and working conditions of bargaining unit employee members of District 141. A true and correct copy of the Passenger Service Employees CBA is attached as **Exhibit 1**. A true and correct copy of the Fleet Service Employees CBA is attached as **Exhibit 2**. A true and correct copy of the Storekeeper Employees CBA is attached as **Exhibit 3**. A true and correct copy of the Maintenance Instructor Employees CBA is attached as **Exhibit 4**.

6. The CBAs between the bargaining unit employees in Passenger Services, Fleet Services, Storekeepers and Maintenance Instructors provides in part for grievance disputes to be settled through a Four Step process if either party is not satisfied with the prior step decision. *See* generally Article 9, B, 3(d) of the CBAs. The dispute mechanism is identical in all of the relevant CBAs.

7. If the grievance remains unsettled after being processed through Step 3, Step 4 allows the System General Chairman to request the case to be heard by the System Board in compliance with Section 204, Title II of the Railway Labor Act as amended. Pursuant to the

relevant CBAs Step 4 provides in part a dispute resolution mechanism submitted to a third-party neutral arbitrator:

> "(A) The System Board of Adjustment will consist of 3 members: the Chairman, a neutral member selected in a manner agreeable to the Company and Union; a Company Member appointed by the Company; and a Union Member appointed by the Union. In matters relating to contract interpretation, all 3 members of the Board will hear and decide the case by majority vote. In disciplinary cases, only the Chairman will sit on the Board and will alone decide the case.
> (B) Unless the parties agree otherwise, the Board will meet in the city where the Company's Executive Offices are maintained.
> (C) The Board will have the power to make sole, final and binding decisions on the Company, the Union, and the employee(s) insofar as a grievance relates to the meaning and application of this Agreement. The Board will have no power to modify, add to, or otherwise change the terms of this Agreement, establish or change wages, rules, or working conditions covered by this Agreement."

8. District 141 filed multiple grievances on behalf of its bargaining unit members against United for its failure to comply with regulations promulgated by the *Port Authority of New York & New Jersey ("Port Authority")'s Amended Rules for Implementation of Minimum Wage Policy for Non-Trade Labor Service Contracts – LaGuardia Airport, John F. Kennedy International Airport and Newark Liberty International Airport*.

9. The Port Authority of New York and New Jersey is a joint venture between the states of New York and New Jersey established in 1921 through an interstate compact authorized by the United States Congress. The Port Authority is controlled by the Governors of New York and New Jersey who appoint members of the agency's Board of Commissioners to oversee the Port Authority.

10. On October 15, 2018, the Port Authority promulgated regulations that state, in relevant part, "[a]ll Contractors subject to the Policy and these Rules shall provide its workers performing Covered Services or Port District Covered Services a paid holiday for Martin Luther King, Jr. Day." The Authority clarified, through a "Frequently Asked Questions (and Answers)"

addendum, that workers should "be paid as if he or she worked for that day without being required to work—and without having to incur, for example, a vacation day, a sick day, or a personal day." A true and correct copy of the Port Authority Regulation and Q&A is attached as **Exhibit 5**.

11. United is a Contractor subject to the Policy, Rules, and Regulations promulgated by the Port Authority.

12. District 141 represents numerous bargaining unit employees who perform bargaining unit work under the Passenger Service, Fleet Service, Storekeeper and Maintenance Instructor CBAs at LaGuardia Airport, John F. Kennedy International Airport and Newark Liberty International Airport.

13. The CBAs state that United will abide by federal, state or local laws if the terms differ from the CBA. This language can be found in nine (9) locations including but not limited to Article 1, Subsection 3, A, 1; Article 3, Subsection 3, A, 4; Article 3 Subsection F, 1; Article 4, A, 9 (c); Article 4, C, 13; Article 4, D, 1, (e) ; Article 5, Subsection A, 5, (a) ; Article 6, Subsection B, 5 ; and Article 10, Subsection D,7 of the CBAs.

14. District 141 filed grievances against United that stated United violated the CBAs by failing to comply with the Port Authority Policy and Rules as written by failing to provide its bargaining unit employees with a paid holiday for Martin Luther King, Jr. Day in 2019, 2020 and 2021 or pay the appropriate wages for work performed on Martin Luther King, Jr. Day in 2019, 2020 and 2021 to its bargaining unit employees.

15. District 141 followed the proper grievance steps as outlined in the CBA without resolution. On October 10, 2020 District 141 submitted its grievances to the System Board of

Adjustment pursuant to Step 4 for determination by the third party Arbitrator as to the merits of the grievances.

16. Per the agreements between District 141 and United, Arbitrator James Conway, Neutral Board Member, was appointed as the third member of the System Board to decide the grievances.

17. Prior to the hearing on the merits of District 141's grievances United filed a motion to dismiss without leave of the Arbitrator to dismiss the pending grievances over the MLK Day pay issue. United stated that the grievances were substantively unarbitrable and the regulations in question were beyond the substantive jurisdiction of the System Board and the Arbitrator.

18. On June 5, 2021 Arbitrator Conway issued a Decision and Order on United's Motion to Dismiss granting the Motion to Dismiss and ruled that the Arbitrator did not have substantive jurisdiction to hear District 141's grievances. A true and correct copy of Arbitrator Conway's decision is attached as **Exhibit 6**.

19. Arbitrator Conway in addition addressed and entered an Award indicating that District 141's grievances were not timely. This issue was not presented to Arbitrator Conway, and he heard no testimony nor did he review any documents in relation to this question.

20. District 141 has exhausted all other Steps in pursuing its grievances against United for its failure to comply with the *Port Authority's Amended Rules for Implementation of Minimum Wage Policy for Non-Trade Labor Service Contracts – LaGuardia Airport, John F. Kennedy International Airport and Newark Liberty International Airport*, for United's failure to have a paid day off or appropriate pay for work performed on Martin Luther King Jr., Day by its bargaining unit employees.

5

## COUNT I
## Vacate Arbitration Award

21. Neutral Board Member Arbitrator Conway exceeded his authority under the Federal Arbitration Act by entering an Award and determining that he did not have substantive jurisdiction to hear the grievances presented by District 141.

22. The determination of substantive jurisdiction is vested with this Honorable Court not the Neutral Board Member Arbitrator Conway.

23. Neutral Board Member Arbitrator Conway exceeded his authority by entering an Award addressing the timeliness of District 141's grievances which were not brought before him, and which he did not hear any testimony nor review any documents in support of his decision.

24. The Award of Arbitrator Conway exceeded his powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made.

25. District 141 is left without a recourse in pursuing its grievances as Neutral Arbitrator Conway incorrectly found that he did not have substantive jurisdiction to hear the grievances and found the grievances to be unarbitrable.

WHEREFORE, Plaintiff, The International Association of Machinists and Aerospace Workers District 141 prays as follows:

    A. That this Honorable Court Vacate the Arbitration Award entered by Arbitrator James Conway;

    B. That this Honorable Court enter an Order that the Arbitrator has substantive jurisdiction to hear the grievances presented by District 141;

    C. That this Honorable Court remand this matter back to the Arbitrator for a hearing on the merits of the grievances presented by District 141;

    D. That District 141 be awarded its reasonable attorneys' fees and court costs; and

E. That District 141 be granted such other relief as the Court deems just and equitable.

## COUNT II
## Breach of the CBA

26. Plaintiff District 141 realleges Paragraphs 1 through 25 as if more fully stated herein.

27. District 141 pleads in the alternative that since the Neutral Arbitrator has found that the Neutral Arbitrator does not have substantive jurisdiction to hear the grievances this Honorable Court has substantive jurisdiction to hear the grievances and determine that United breached the current Collective Bargaining Agreements.

28. United is bound to the terms of the current CBAs between United and the International Association of Machinist and Aerospace Workers, 2016-2021.

29. The CBAs for Passenger Services, Fleet Services, Storekeepers and Maintenance Instructors state in multiple portions of the CBAs that United will abide by federal, state, or local laws if the terms differ from the CBA.

30. United has stated in its Code of Ethics and Business Conduct "Without exception, United complies with all applicable laws, rules and regulations."

31. The Port Authority of New York & New Jersey has issued multiple rules and regulations for its Contractors to follow including but not limited to implementing the *Port Authority's Amended Rules for Implementation of Minimum Wage Policy for Non-Trade Labor Service Contracts – LaGuardia Airport, John F. Kennedy International Airport and Newark Liberty International Airport.*

32. District 141 represents numerous members who perform work for United under the Passenger Service, Fleet Services, Storekeepers and Maintenance Instructors CBAs who work at

LaGuardia Airport, John F. Kennedy International Airport and Newark Liberty International Airport.

33. United is a Contractor with the Port Authority and is bound to the rules and regulations promulgated by the Port Authority. United has complied with portions of the Port Authority's Amended Rules for Implementation of Minimum Wage Policy for Non-Trade Labor Service Contracts by raising the minimum wage it pays to bargaining unit employee members of District 141.

34. The *Port Authority's Amended Rules for Implementation of Minimum Wage Policy for Non-Trade Labor Service Contracts* state that Contractor's subject to the Policy and these Rules shall provide its workers performing Covered Services or Port District Covered Services a paid holiday for Martin Luther King, Jr. Day.

35. The Port Authority's Amended Rules have the full force and effect of law and United is required to abide by those terms.

36. United does not provide its bargaining unit employee members of District 141 a paid holiday for Martin Luther King, Jr. Day.

37. United does not pay its bargaining unit employee members of District 141 overtime for individuals who perform work for United on Martin Luther King, Jr. Day.

38. District 141 brought multiple grievances pursuant to the terms of the CBA against United for its failure to pay bargaining unit employees a paid holiday for Martin Luther King, Jr. Day, or the appropriate overtime for worked performed.

39. United violated the terms of the CBA between the parties by failing to comply with the Port Authority's Rules and Regulations and failing to pay bargaining unit employees a paid holiday for Martin Luther King, Jr. Day in 2019, 2020, and 2021.

40. United violated the terms of the CBA between the parties by failing to comply with the Port Authority's Rules and Regulations and failing to pay bargaining unit employees the appropriate overtime wages for worked performed on Martin Luther King Jr. Day in 2019, 2020, and 2021.

41. United violated the terms of the CBA between the parties by failing to pay appropriate regular wages and overtime wages to its bargaining unit employees for the years 2019, 2020, and 2021.

42. United violated the terms of the CBA between the parties by failing to comply with local rules and regulations set forth by the Port Authority that differ from the CBA for the years 2019, 2020 and 2021.

WHEREFORE, Plaintiff, The International Association of Machinists and Aerospace Workers District 141 prays as follows:

  A. That this Honorable Court Enter and Award finding that United breached the terms and provisions of the CBAs between the parties.

  B. That this Honorable Court enter a monetary Judgment against United for all wages due and owing to bargaining unit employees at the affected airports for a paid holiday for Martin Luther King, Jr. Day in 2019, 2020, and 2021.

  C. That this Honorable Court enter a monetary Judgment against United for all overtime wages due and owing to bargaining unit employees at the affected airports who performed work for United on Martin Luther King, Jr. Day in 2019, 2020, and 2021.

  D. That District 141 be awarded its reasonable attorneys' fees and court costs; and

  E. That District 141 be granted such other relief as the Court deems just and equitable.

        Respectfully submitted,
        International Association of Machinist and
        Aerospace Workers District 141

        By:/s/Michael J. McGuire
           One of its Attorneys

Michael J. McGuire
ARDC #: 6290180
Gregorio Marco, Ltd.
2 N. LaSalle Street, Suite 1650
Chicago, Illinois 60602
Ph: 312-319-7608
Fax: 312-263-2512
Email: mmcguire@gregoriolaw.com