**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THE INTERNATIONAL ASSOCIATION OF MACHINIST AND AEROSPACE WORKERS DISTRICT 141, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 21 CV 4589 |
| v. | ) Judge Feinerman |
| | ) Magistrate Judge Cummings |
| UNITED AIRLINES, INC., | ) |
| Defendant. | ) |

**FIRST AMENDED COMPLAINT AT LAW**

Plaintiffs, THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS DISTRICT 141, by its attorneys, the law firm of Gregorio ♦ Marco, complain of the Defendant, UNITED AIRLINES, INC. and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the action pursuant to Sections §152 - §158 of the Railway Labor Act (RLA) of 1926, 45 U.S.C. § 151, *et seq*.

2. The International Association of Machinists and Aerospace Workers District 141, (hereafter "District 141") is a labor organization representative of employees working for a carrier within the meaning of Sections 151 and 152 of the Railway Labor Act ("RLA") 45 U.S.C. § 151, *et seq*. Its principal offices are located at 1771 Commerce Drive, Suite 103, Elk Grove Village, Cook County, Illinois, 60007, within the geographic jurisdiction of the Court.

3. United Airlines, Inc., (hereafter "United") is a corporation, an employer and carrier in an industry affecting transportation within the meaning of Sections 151 and 152 of the RLA, 45

1

U.S.C. § 151, *et seq*. United's headquarters is located at 233 S. Wacker Dr., Chicago, Cook County, Illinois, 60606 within the geographic jurisdiction of this Court.

## FACTS COMMON TO ALL COUNTS

4. District 141 represents members working for United in its Passenger Services, Fleet Services, Storekeeper, and Maintenance Instructor departments throughout the United States.

5. District 141 and United are signatory parties to Collective Bargaining Agreements, (collectively "CBAs") between United Airlines and the International Association of Machinist and Aerospace Workers, 2016-2021, which governs the terms and working conditions of bargaining unit employee members of District 141. A true and correct copy of the Passenger Service Employees CBA is attached as **Exhibit 1**. A true and correct copy of the Fleet Service Employees CBA is attached as **Exhibit 2**. A true and correct copy of the Storekeeper Employees CBA is attached as **Exhibit 3**. A true and correct copy of the Maintenance Instructor Employees CBA is attached as **Exhibit 4**.

6. The CBAs between the bargaining unit employees in Passenger Services, Fleet Services, Storekeepers and Maintenance Instructors provide, in part, for grievance disputes to be settled through a Four Step process if either party is not satisfied with the prior step decision. *See* generally Article 9, B, 3(d) of the CBAs. The dispute mechanism is identical in all of the relevant CBAs.

7. If the grievance remains unsettled after being processed through Step 3, Step 4 allows the System General Chairman to request the case to be heard by the System Board in compliance with Section 204, Title II of the Railway Labor Act, as amended. Pursuant to the relevant CBAs Step 4 provides, in part, a dispute resolution mechanism submitted to a third-party neutral arbitrator:

"(A) The System Board of Adjustment will consist of 3 members: the Chairman, a neutral member selected in a manner agreeable to the Company and Union; a Company Member appointed by the Company; and a Union Member appointed by the Union. In matters relating to contract interpretation, all 3 members of the Board will hear and decide the case by majority vote. In disciplinary cases, only the Chairman will sit on the Board and will alone decide the case.
(B) Unless the parties agree otherwise, the Board will meet in the city where the Company's Executive Offices are maintained.
(C) The Board will have the power to make sole, final and binding decisions on the Company, the Union, and the employee(s) insofar as a grievance relates to the meaning and application of this Agreement. The Board will have no power to modify, add to, or otherwise change the terms of this Agreement, establish or change wages, rules, or working conditions covered by this Agreement."

8. District 141 filed multiple grievances on behalf of its bargaining unit members against United for its failure to comply with regulations promulgated by the *Port Authority of New York & New Jersey's ("Port Authority") Amended Rules for Implementation of Minimum Wage Policy for Non-Trade Labor Service Contracts – LaGuardia Airport, John F. Kennedy International Airport and Newark Liberty International Airport*.

9. The Port Authority of New York and New Jersey is a joint venture between the states of New York and New Jersey established in 1921 through an interstate compact authorized by the United States Congress. The Port Authority is controlled by the Governors of New York and New Jersey who appoint members of the agency's Board of Commissioners to oversee the Port Authority.

10. On October 15, 2018, the Port Authority promulgated regulations that state, in relevant part, "[a]ll Contractors subject to the Policy and these Rules shall provide its workers performing Covered Services or Port District Covered Services a paid holiday for Martin Luther King, Jr. Day." The Authority clarified, through a "Frequently Asked Questions (and Answers)" addendum, that workers should "be paid as if he or she worked for that day without being required to work—and without having to incur, for example, a vacation day, a sick day, or a

personal day." A true and correct copy of the Port Authority Regulation and Q&A is attached as **Exhibit 5**.

11. Article XVIII of the Port Authority enabling statute states: "The port authority is hereby authorized to make suitable rules and regulations not inconsistent with the constitution of the United States or of either state, and subject to the exercise of the power of congress, for the improvement of the conduct of navigation and commerce, which, when concurred in or authorized by the legislatures of both states, shall be binding and effective upon all persons and corporations affected thereby."

12. United is a Contractor subject to the Policy, Rules, and Regulations promulgated by the Port Authority.

13. United has stated in its Code of Ethics and Business Conduct "Without exception, United complies with all applicable laws, rules and regulations."

14. Other Contractors who perform services at the respective airports under the jurisdiction of the Port Authority comply with the Rules and Regulations promulgated by the Port Authority and provide a mandatory holiday for Martin Luther King, Jr. Day.

15. District 141 represents numerous bargaining unit employees who perform bargaining unit work under the Passenger Service, Fleet Service, Storekeeper and Maintenance Instructor CBAs at LaGuardia Airport, John F. Kennedy International Airport and Newark Liberty International Airport.

16. The CBAs state that United will abide by federal, state or local laws if the terms differ from the CBA. This language can be found in nine (9) locations including, but not limited to, Article 3, Subsection A, 1 and 4; Article 3, Subsection 3, A, 4; Article 3 Subsection F, 1;

Article 4, A, 9 (c); Article 4, C, 13; Article 4, D, 1, (e); Article 5, Subsection A, 5, (a) ; Article 6, Subsection B, 5; Article 10, Subsection D,7; and Article 10, Subsection Q, 7 of the CBAs.

17. District 141 filed grievances against United claiming that United violated the CBAs by failing to comply with the Port Authority Policy and Rules as written by failing to provide its bargaining unit employees with a paid holiday for Martin Luther King, Jr. Day in 2019, 2020 and 2021 or pay the appropriate wages for work performed on Martin Luther King, Jr. Day in 2019, 2020 and 2021 to its bargaining unit employees.

18. District 141 timely filed all grievances in relation to United's violation of the CBA and followed all relevant time frames as outlined in the CBA for filing grievances in 2019, 2020 and 2021.

19. District 141 followed the proper grievance steps as outlined in the CBA without resolution. On October 10, 2020, District 141 submitted its grievances to the System Board of Adjustment pursuant to Step 4 for determination by the third-party Arbitrator as to the merits of the grievances.

20. Per the agreements between District 141 and United, Arbitrator James Conway, Neutral Board Member, was appointed as the third member of the System Board to decide the grievances. United agreed to hold the Arbitration on the scheduled date.

21. Prior to the hearing on the merits of District 141's grievances, that was scheduled to take place on August 11, 2021, United filed a motion to dismiss on May 14, 2021, without leave of the Arbitrator, to dismiss the pending grievances over the MLK Day pay issue. United stated that the grievances were substantively unarbitrable and the regulations in question were beyond the substantive jurisdiction of the System Board and the Arbitrator.

22. Arbitrator Conway allowed the parties to present a brief in support of or in opposition to United's motion to dismiss. Both parties submitted briefs in support of their respective positions.

23. On Friday, June 4, 2021 United submitted a reply brief to Arbitrator Conway without an order or direction from Arbitrator Conway to do so. The Arbitrator did not provide Local 141 with a chance to submit a reply brief on the issues presented by United in its reply brief.

24. On Saturday, June 5, 2021, one day after United submitted its reply brief, Arbitrator Conway issued a Decision and Order on United's Motion to Dismiss granting the Motion to Dismiss and ruled that the Arbitrator did not have substantive jurisdiction to hear District 141's grievances. A true and correct copy of Arbitrator Conway's decision is attached as **Exhibit 6**.

25. Arbitrator Conway found that the *Port Authority of New York & New Jersey's ("Port Authority") Amended Rules for Implementation of Minimum Wage Policy for Non-Trade Labor Service Contracts – LaGuardia Airport, John F. Kennedy International Airport and Newark Liberty International Airport* was not a law, rule or regulation that had any force of law. Arbitrator Conway's decision finding that he did not have substantive jurisdiction was based solely on his interpretation of the Port Authority Regulation.

26. Arbitrator Conway also found that Martin Luther King, Jr. Day was akin to "non-federal holidays like Valentines Day or Kwanza" demonstrating racial animus towards the Federal Holiday of Martin Luther King, Jr. Day.

27. Martin Luther King, Jr. Day is a Federally recognized holiday and is a state holiday in New York and New Jersey.

28. Arbitrator Conway in addition addressed and entered an Award indicating that District 141's grievances were not timely.

29. The issue whether the grievances were timely filed was not presented to Arbitrator Conway in United's motion to dismiss, he heard no testimony nor did he review any documents in relation to this question.

30. District 141 has exhausted all other Steps in pursuing its grievances against United for its failure to comply with the *Port Authority's Amended Rules for Implementation of Minimum Wage Policy for Non-Trade Labor Service Contracts – LaGuardia Airport, John F. Kennedy International Airport and Newark Liberty International Airport*, for United's failure to have a paid day off or appropriate pay for work performed on Martin Luther King Jr., Day by its bargaining unit employees.

## COUNT I
## Vacate Arbitration Award

29. Neutral Board Member Arbitrator Conway failed to confine his authority to the Railway Labor Act by entering an Award and determining that he did not have substantive jurisdiction to hear the grievances presented by District 141.

30. Neutral Board Member Arbitrator Conway's decision was based solely on his interpretation of the *Port Authority of New York & New Jersey's ("Port Authority") Amended Rules for Implementation of Minimum Wage Policy for Non-Trade Labor Service Contracts – LaGuardia Airport, John F. Kennedy International Airport and Newark Liberty International Airport* and not the interpretation of the Collective Bargaining Agreement(s) between the parties or the Railway Labor Act.

31. Neutral Board Member Conway did not base his decision on an interpretation of the Collective Bargaining Agreements or the Railway Labor Act.

7

32. Neutral Board Member Arbitrator Conway failed to confine his authority to the Railway Labor Act by entering an Award finding that District 141's grievances were untimely, which issue was not before him, and which he did not hear any testimony nor review any documents in arriving at his decision. The parties did not present this issue to the Arbitrator therefore he did not have jurisdiction to hear the timeliness issue.

33. By issuing a decision regarding timeliness of the grievance(s) which was not an issue properly before him, Neutral Board Member Arbitrator Conway failed to comply with the requirements under the Railway Labor Act and the required grievance process.

34. Neutral Board Member Arbitrator Conway deprived District 141 of its due process rights by not allowing it to argue or dispute his finding regarding timeliness of the grievances.

35. District 141 was deprived of due process when it was not allowed nor asked to provide a reply brief to United's position statement submitted on June 4, 2021, and when the Arbitrator issued his ruling one (1) day after receiving United's reply brief.

36. District 141 was deprived of its due process rights when the Neutral Board Arbitrator found that Martin Luther King Jr. Day more closely resembled a non-federal holiday and was akin to Kwanza and Valentines Day as District 141 was not allowed to present evidence or to challenge this mistaken assertion.

37. Neutral Board Arbitrator Conway violated public policy in issuing a decision that implies racial animus towards Martin Luther King Jr. Day by stating it more closely resembles a non-federal holiday and is more akin to Valentine's Day and Kwanza.

38. Neutral Board Arbitrator Conway violated public policy in issuing a decision that found the Port Authority Regulations were not actual laws or regulations that United had to

follow while other Contractors subject to the Port Authority's jurisdiction at the relevant airports are required to follow the Port Authority Regulations.

39. District 141 is left without a recourse in pursuing its grievances as Neutral Arbitrator Conway incorrectly found that he did not have substantive jurisdiction to hear the grievances and found the grievances to be unarbitrable and untimely filed.

WHEREFORE, Plaintiff, The International Association of Machinists and Aerospace Workers District 141 prays as follows:

    A. That this Honorable Court Vacate the Arbitration Award entered by Arbitrator James Conway;

    B. That this Honorable Court enter an Order that an arbitrator has substantive jurisdiction to hear the grievances presented by District 141;

    C. That this Honorable Court remand this matter back to a new independent Arbitrator for a hearing on the merits of the grievances presented by District 141;

    D. That District 141 be awarded its reasonable attorneys' fees and court costs; and

    E. That District 141 be granted such other relief as the Court deems just and equitable.

## COUNT II
## Breach of the CBA

40. Plaintiff District 141 realleges Paragraphs 1 through 39 as if more fully stated herein.

41. District 141 pleads in the alternative that, since the Neutral Arbitrator has found that the he does not have substantive jurisdiction to hear the grievances, this Honorable Court has substantive jurisdiction to hear the grievances and to determine that United breached the current Collective Bargaining Agreements and the Port Authority Rules and Regulations.

42. United is bound to the terms of the current CBAs between United and the International Association of Machinist and Aerospace Workers, 2016-2021.

43. The CBAs for Passenger Services, Fleet Services, Storekeepers and Maintenance Instructors state, in multiple portions of the CBAs, that United will abide by federal, state, or local laws if the terms differ from the CBA.

44. United has stated in its Code of Ethics and Business Conduct "Without exception, United complies with all applicable laws, rules and regulations."

45. The Port Authority of New York & New Jersey has issued multiple rules and regulations for its Contractors to follow, including but not limited to, implementing the *Port Authority's Amended Rules for Implementation of Minimum Wage Policy for Non-Trade Labor Service Contracts – LaGuardia Airport, John F. Kennedy International Airport and Newark Liberty International Airport.*

46. District 141 represents numerous members who perform work for United under the Passenger Service, Fleet Services, Storekeepers and Maintenance Instructors CBAs who work at LaGuardia Airport, John F. Kennedy International Airport and Newark Liberty International Airport.

47. United is a Contractor with the Port Authority and is bound to the rules and regulations promulgated by the Port Authority.

48. United has complied with portions of the Port Authority's Amended Rules for Implementation of Minimum Wage Policy for Non-Trade Labor Service Contracts by raising the minimum wage it pays to bargaining unit employee members of District 141.

49. The *Port Authority's Amended Rules for Implementation of Minimum Wage Policy for Non-Trade Labor Service Contracts* state that Contractor's subject to the Policy and these Rules shall provide its workers performing Covered Services or Port District Covered Services a paid holiday for Martin Luther King, Jr. Day.

50. The Port Authority's Amended Rules have the full force and effect of law and United is required to abide by those terms.

51. United does not provide its bargaining unit employee members of District 141 with a paid holiday for Martin Luther King, Jr. Day.

52. United does not pay its bargaining unit employee members of District 141 overtime for individuals who perform work for United on Martin Luther King, Jr. Day.

53. District 141 brought multiple grievances pursuant to the terms of the CBA against United for its failure to pay bargaining unit employees a paid holiday for Martin Luther King, Jr. Day, or the appropriate overtime for worked performed.

54. United violated the terms of the CBA between the parties by failing to comply with the Port Authority's Rules and Regulations and failing to pay bargaining unit employees a paid holiday for Martin Luther King, Jr. Day in 2019, 2020, and 2021.

55. United violated the terms of the CBA between the parties by failing to comply with the Port Authority's Rules and Regulations and failing to pay bargaining unit employees the appropriate overtime wages for work performed on the Martin Luther King Jr. Day holiday in 2019, 2020, and 2021.

56. United violated the terms of the CBA between the parties by failing to pay appropriate regular wages and overtime wages to its bargaining unit employees for the years 2019, 2020, and 2021.

57. United violated the terms of the CBA between the parties by failing to comply with local rules and regulations set forth by the Port Authority that differ from the CBA for the years 2019, 2020 and 2021.

WHEREFORE, Plaintiff, The International Association of Machinists and Aerospace Workers District 141 prays as follows:

A. That this Honorable Court Enter an Award finding that United breached the terms and provisions of the CBAs between the parties.
B. That this Honorable Court enter a monetary Judgment against United for all wages due and owing to bargaining unit employees at the affected airports for a paid holiday for Martin Luther King, Jr. Day in 2019, 2020, and 2021.
C. That this Honorable Court enter a monetary Judgment against United for all overtime wages due and owing to bargaining unit employees at the affected airports who performed work for United on Martin Luther King, Jr. Day in 2019, 2020, and 2021.
D. That District 141 be awarded its reasonable attorneys' fees and court costs; and
E. That District 141 be granted such other relief as the Court deems just and equitable.

                Respectfully submitted,
                International Association of Machinist and
                Aerospace Workers District 141

                By:/s/Michael J. McGuire
                   One of its Attorneys

Michael J. McGuire
ARDC #: 6290180
Gregorio Marco, Ltd.
2 N. LaSalle Street, Suite 1650
Chicago, Illinois 60602
Ph: 312-319-7608
Fax: 312-263-2512
Email: mmcguire@gregoriolaw.com